15621

ARANT v. MACK ET AL.

(28 S. E. (2d), 846)

July, 1943.

Mr. A. J. Hydrick, of Orangeburg, S. C., Counsel for Appellant,

288

*Messrs. Felder & Rosen,* of Orangeburg, S. C., Counsel for Respondent,

February 5, 1944.

*Per Curiam:*

In December, 1942, the respondent, H. Doyle Mack, was the owner of a tract of land in Orangeburg County containing approximately two hundred acres, which he conveyed his co-respondent, A. G. Hicks, by deed dated December 16, 1942, executed on December 18, 1942, and recorded in the office of the Clerk of Court for Orangeburg County on December 28, 1942. The consideration expressed in the deed is $4,200.00.

On December 14, 1942, the appellant commenced his action against H. Doyle Mack for the specific performance of an alleged contract for the sale of this land to him, and for special damages growing out of the breach of the contract; and duly filed, on December 15, 1942, a *Lis Pendens* describing the property involved, etc. Within twenty days from the commencement of the action, appellant served an amended summons and complaint wherein the respondent, A. G. Hicks, was made a party defendant and a paragraph was

added to the complaint setting forth the facts making it necessary to bring in said A. G. Hicks as party defendant.

The cause was referred to Honorable John S. Bowman, County Judge, as Special Referee, who recommended that specific performance of the contract between H. Doyle Mack and the appellant be decreed; that is, that H. Doyle Mack be required to specifically perform the contract on his part, and that the deed from Mack to Hicks be delivered up and cancelled of record.

On appeal from the Report of the Special Referee, Honorable M. M. Mann, Circuit Judge, "reversed, disaffirmed and rejected" the findings of fact and conclusions of law as reported and recommended by the Referee, and ordered that the complaint of the appellant be dismissed. The appeal is from that judgment.

While five questions are stated, we are in agreement with the statement contained in the printed brief of the respondents that "this case involves only one question and that is whether or not the plaintiff (appellant) has made out, under the pleadings and testimony, such a contract for the sale of land as will be enforced by the Courts of this State."

At some date prior to October 7, 1942, Jacob Carol Arant, the son of appellant, and known to the respondent, Mack, as Carol Arant, wrote to Mack, who was a former resident of Orangeburg County, South Carolina, but for the past several years has been a resident of the State of Pennsylvania (his P. O. address being Coatesville, Pa., R. No. 2, Box 66) inquiring if he desired to sell the tract of land under discussion, and directed Mack to write him at 84 Cannon Street, Charleston, S. C. On October 7, 1942, Mack wrote to "Mr. Carol Arant, No. 84 Cannon St., Charleston, S. C." addressing him as "Dear Carol" giving him the price at which he (Mack) would sell the land. Carol Arant did not reply to the letter of Mack, but apparently a few days prior to November 21, 1942, J. C. Arant, the father of Carol Arant, wrote to Mack the following letter:

"North, S. C.

"Dear Doyle,

"Carol showed me the letter he received from you, concerning the Paul Mack place. Naturally, I am interested in his plans & welfare.

"I've looked at the place, & as Coot has cut so much of that timber and the dwelling is so much in need of repair, I feel that $4,000.00 cash would be a good price for the place.

"The sills under the house & kitchen will have to be replaced. Also the kitchen floor has already fallen through. If you are interested in this price let me hear from you at once.

"Yours truly,

"J. C. Arant

"Will not be interested other than $4000.00."

On November 21, 1942, Mack replied to appellant's letter, the following being a copy thereof.

"Coatesville, Pa.

"Mr. J. C. Arant,                    "R. No. 2, Box 66

"North, S. C.

"Dear Jake:

"I rec'd your letter this A. M. You asked for a prompt reply, so here it is Saturday noon. I don't think I asked Carol too much for that place that includes Paul Mack, Missouri Mack, O. E. Godwin and Lelia Cook lands. All is one tract that brings you out to the hard road below you there for the cash, and if D. S. Cook do not want it you can have it. You won't unless you want too, have any records run because everything is o. k.

"I guess I will have to arrange to give you title by mail as I hardly see how I can get down there now.

"Mr. Felder, atty at Lide & Felder, attys, I think will take care of it there for me. You can see him. Mr. Lide is not working any more.

"I find that land to be a good investment safe.

"But I am willing to meet you 1/2 way, $4500.00

"Best wishes to all, I am
"As ever                                "H. D. Mack."

On December 2, 1942, Mack wrote to appellant an additional letter, reading:

"Coatesville, Pa.
"12-2-42
"Mr. Jake Arant,                        "R. No. 2 Box 66
"North, S. C.
"Dear Jake:

"I have been looking for your paper for that land to come through, but as I have not received them, I presume the 1/2 way price I made did not suit you.

"And too, I have had time to think about it, I do not expect to use that land or any other land that I have down there. So you can have the place for your price $4000.00. I have given Cook time to purchase, and I guess he will hate for you to buy the place.

"Carol is a young man. He can fix the place up to suit himself. I am getting too old to start fixing a place now.

"With kindest regards to all I am
"As ever,                               "H. D. Mack

"P. S. I have given you sufficient information in my last letter for you to have title made, and mailed to me to be signed."

In reply to this letter, and on December 8, 1942, the appellant wrote to Mack agreeing to purchase the land at the price stated in Mack's letter of December 2nd, the following being a copy of the acceptance letter:

"North, S. C.
"Mr. Doyle Mack                         "Dec. 8, 1942
"Coatesville, Pa.
"Dear Doyle,

"I am in receipt of your letter of Dec. 2, 1942, offering to sell me your tract of land here containing 200 acres more or less for $4000.00. I will take the place at this price. I

have employed Mr. A. J. Hydrick at Orangeburg to fix papers for me. If you have any old deeds or plats of any kind concerning this property or any of it, please mail them to him or if Lide & Felder attys., have any papers of yours, please write them and ask them to turn the same over to Mr. Hydrick.

"Yours truly,                              "J. C. Arant."

There is a notation appearing on this letter, "I read this letter Dec. 12th, H. D. M." And on December 12, 1942, Mack wrote the following letter to the appellant:

"Coatesville, Pa.
"12-12-42
"R #2 Box 66

"Dear Jake,

"Your letter to hand this hour at 2:00 Noon Friday. I shall be glad for you to get the place but you will have to go up a little in price. I was offered $4250.00 yesterday but you can still have chance, so act fast. Now you think I am just saying that but I am not, so work fast. If the other fellow don't take it, I will mail my papers to Mr. Felder, atty, Orangeburg, S. C. He will see Mr. Andrew Hydrick, atty. I know Mr. Andrew o. k. and he is o. k.

"Let me hear from you at once, I am,

"As ever,

"H. D. Mack."

The last letter above set out is reported only for the purpose of disclosing the indifference evidenced thereby of Mack towards his contracts, and to dispel any suggestion that his interest in and friendship for Carol Arant entered into the transaction. There is also another letter dated December 15, 1942, from Mack to "Jake" Arant which further demonstrates that Mack's sole interest was to get as much as he could for the land, irrespective of the purchaser.

The $4,200.00 consideration expressed in the deed from Mack to his correspondent, Hicks, has never been delivered

to Mack, but is held in escrow by counsel representing Mack and Hicks pending the result of this case.

In respondent's brief it is stated: "At the first reference held February 22, 1943, and before any testimony was offered, it was agreed that the plaintiff in the cause was not J. Carol Arant, but J. C. Arant, Senior (folio 34). This conforms with the defense that there was no agreement to sell any land to the plaintiff, J. C. Arant."

It is claimed by respondent that he had no contract with J. C. Arant, and that any contract he contemplated making was with Carol Arant or for his benefit, but we do not consider that this position is sound. The correspondence clearly establishes that Mack was interested in only one matter, and that was to get all he could for the land. And so far as Mack is concerned it matters not for whose ultimate benefit the contract was being made.

While Mack in his letter to J. C. Arant and/or "Jake" apparently assumed that J. C. Arant had become interested in the purchase of the land under discussion, with the idea that Carol Arant would ultimately come into the possession of the land, yet there was no such condition, and insofar as Mack and J. C. Arant are concerned, and from a legal standpoint, Carol Arant is a stranger to the contract.

The first four letters quoted herein make a complete contract.

Even in Mack's letter of December 12, 1942, to "Jake" (Appellant), which was written upon the receipt of appellant's letter of December 8, 1942, he does not claim any undue delay in the acceptance of his offer of sale contained in his letter of December 2, 1942. Indeed, there was no delay by appellant in accepting the terms of the respondent, Mack. The sole reason then given by Mack for not carrying out the completed contract with appellant was that he had been offered more money for the land.

The letters hereinabove quoted, it appears to us, establish a complete contract for the sale on the part of the respondent,

Mack, and for the purchase on the part of appellant of a tract of land made up of four small tracts, situate in Orangeburg County, containing approximately two hundred acres, owned by the said respondent, at and for the sum of Four Thousand Dollars, payable on delivery of deed of conveyance, and with these terms appellant stood and stands ready to comply.

There is no ambiguity in the contract as established by the correspondence. There is no indefiniteness about the tract of land involved. The respondent, Mack, offered to sell the land to appellant for $4,000.00 cash, and the appellant agreed to purchase it at this price and was and remained in a position to pay the purchase price. But despite this, when the respondent, Mack, was offered $200.00 more for the land than he had agreed in writing with appellant to accept, he ignored his contract with appellant and conveyed it to his co-respondent, Hicks, who is not in a position to claim that he is an innocent purchaser without notice. But, as aforesaid, Hicks is protected by reason of the fact that his purchase money is held in escrow by counsel representing him and his co-respondent.

It is argued that "there never was a meeting of the minds between J. C. Arant and H. D. Mack, and could be no contract". This position appears to be predicated upon the fact that negotiations were begun by Carol Arant. A party to a written contract, where there is no ambiguity or indefiniteness in the essentials, cannot say their minds did not meet. *Blassingame v. City of Laurens,* 80 S. C., 38, 61 S. E., 96.

It is the judgment of this Court that the decree of the Circuit Court be reversed, and that the case be remanded to the Court of Common Pleas for Orangeburg County for such further proceedings as appellant may be advised, and for the procurement of such order or orders as may be necessary to carry into effect the holding of this Court on this appeal; that is, affirmation of the recommendations of the Special Referee.

Reversed and remanded.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUS-
TICES FISHBURNE and STUKES, and CIRCUIT JUDGES E. C.
DENNIS and E. H. HENDERSON, ACTING ASSOCIATE JUS-
TICES, concur.